IN RE WILLIAM D.*
(AC 26688)

DiPentima, Gruendel and Dupont, Js.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued March 30—officially released September 19, 2006

*D. Keith Foren*, assistant public defender, for the appellant (respondent).

*Maura Murphy-Osborne*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan Quinn Cobb*, assistant attorney general, for the appellee (petitioner).

*Opinion*

GRUENDEL, J. The respondent, William D., appeals from the order of the trial court granting the motion of the petitioner, the commissioner of children and families (commissioner), to extend the respondent's delinquency commitment by twelve months pursuant to General Statutes § 46b-141 (b). On appeal, the respondent claims that the court improperly concluded that he was a child for purposes of the statute and therefore

found that it had jurisdiction to extend his commitment. We affirm the judgment of the trial court.

The respondent was born on May 14, 1988. On November 13, 2003, after he had been adjudicated as delinquent,[1] the court ordered that the respondent be committed to the custody of the commissioner for a period not to exceed eighteen months, which would expire on May 13, 2005. At that time, the respondent also was advised that his commitment could be extended for an additional period not to exceed eighteen months. The respondent was then placed at the Connecticut Juvenile Training School (school). Beginning in January, 2005, the respondent was paroled from the school and permitted to live with his grandmother and to attend public high school. Shortly thereafter, the respondent began to have problems at school and tested positive for drugs on multiple occasions.

On April 7, 2005, in light of the respondent's behavior, the commissioner moved for an extension of the respondent's commitment for twelve months pursuant to § 46b-141 (b). In support of the motion, the commissioner filed a social study detailing the respondent's circumstances. On April 26, 2005, the respondent filed an opposition to the motion for extension, claiming that the court lacked jurisdiction to extend his commitment because he was not a "child" as defined in General Statutes § 46b-120 (1). The court held a hearing on the commissioner's motion on May 5, 2005. At this hearing, the respondent asked the court to take judicial notice of his age and the fact that there were no violations of

---

[1] The respondent admitted to using a motor vehicle without permission in violation of General Statutes § 53a-119b (a), violation of probation in violation of General Statutes § 46b-120 (6) (C) and violation of a court order for leaving a detention program without permission. Additional charges of violation of probation and a charge of criminal trespass in the first degree in violation of General Statutes § 53a-107 were nolled by the court.

probation or violations of a court order. The commissioner concurred in this request, noting that "there aren't any violations because since he's committed, there's no probationary type orders." In its May 9, 2005 memorandum of decision, the court rejected the respondent's claim and concluded that it had subject matter jurisdiction. The court further found that it was in the best interest of the respondent and the community to extend the respondent's commitment to the custody of the commissioner. The court then extended the respondent's commitment for an indeterminate period not to extend beyond May 14, 2006, when he would become eighteen years old. This appeal followed.

As an initial matter, we must determine whether we are precluded from reviewing the respondent's claim because it is moot. "The parties did not raise the issue of mootness in the present appeal, but we do so sua sponte because mootness implicates the court's subject matter jurisdiction. It is, therefore, a threshold matter to resolve." *State* v. *Eastman*, 92 Conn. App. 261, 263, 884 A.2d 442 (2005).[2] "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become

[2] We did not request that the parties file supplemental briefs on the issue of mootness. We note that "in matters involving subject matter jurisdiction, we have exercised our discretion in determining whether to order parties to brief the issue or to decide the issue in lieu of such an order." (Internal quotation marks omitted.) *Matey* v. *Estate of Dember*, 85 Conn. App. 198, 204 n.3, 856 A.2d 511 (2004).

moot." (Internal quotation marks omitted.) *Private Healthcare Systems, Inc.* v. *Torres*, 278 Conn. 291, 298–99, 898 A.2d 768 (2006). Here, it is clear from the record that on May 14, 2006, the respondent became eighteen years old and his commitment to the custody of the commissioner expired. Accordingly, there is no practical relief that this court may afford the respondent, and his case has become moot.

"We note that an otherwise moot question may qualify for review under the capable of repetition, yet evading review exception. To do so, however, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *In re Steven M.,* 264 Conn. 747, 754–55, 826 A.2d 156 (2003) (claim by juvenile no longer in commissioner's custody challenging her actions transferring him to commissioner of correction reviewable under exception).

We conclude that the respondent's appeal meets the three requirements of the capable of repetition yet evading review exception. Pursuant to § 46b-141 (b), the court may continue the term of a juvenile committed to the custody of the commissioner "for an additional period of not more than eighteen months. . . ." The effect of the extension, therefore, is limited to eighteen months or less by its very nature. It is accordingly of

such a nature that a substantial majority of the cases in which such an order is entered will evade review. The respondent's claim, therefore, meets the first prong of the exception. Cf. *In re Steven M.*, supra, 264 Conn. 755–56.

In addition, because § 46b-120 (1) provides a specific definition of the term "child," there is a reasonable likelihood that the question presented by the respondent's case will arise each time the commissioner seeks to extend the term of a juvenile committed to her custody who has reached the age of sixteen. Furthermore, the question presented in this case will affect a reasonably identifiable group for whom the respondent can be said to act as a surrogate. Namely, the respondent can be said to represent any juvenile for whom the commissioner seeks to extend the term of commitment who has reached the age of sixteen during his or her initial commitment and has not violated probation or a court order. The respondent's claim, therefore, meets the second prong of the exception. Cf. id., 756.

Finally, we conclude that the resolution of whether the court may extend the term of a juvenile committed to the custody of the commissioner presents a question of public importance, specifically whether § 46b-141 (b) applies to the class of juveniles for whom the respondent may act as a surrogate. The respondent's claim, therefore, meets the third prong of the exception. Cf. id. As the respondent's claim meets all three prongs of the "capable of repetition, yet evading review" exception to mootness, we will review it on appeal. Cf. *In re Darien S.*, 82 Conn. App. 169, 173, 842 A.2d 1177 (claim by juvenile no longer in commissioner's custody challenging court order approving permanency plan for his future placement reviewable under exception), cert. denied, 269 Conn. 904, 852 A.2d 733 (2004).

We now turn to the law applicable to the merits of the respondent's claim. The respondent claims that the

court lacked subject matter jurisdiction under § 46b-141 (b) to extend his commitment because the statute uses the term "child," and he does not meet the definition of "child" given in § 46b-120 (1). Because this claim presents an issue of statutory construction, our review is plenary. See *Kinsey* v. *Pacific Employers Ins. Co.*, 277 Conn. 398, 404, 891 A.2d 959 (2006). We conclude that the confluence of §§ 46b-141 (a) and (b) and 46b-120 (1) confer jurisdiction on the court to grant the commissioner's motion to extend the respondent's commitment.

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z[3] directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ."

[3] General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

(Internal quotation marks omitted.) *Kinsey* v. *Pacific Employers Ins. Co.*, supra, 277 Conn. 405.

Accordingly, we begin our analysis with the text of § 46b-141 (b), which provides in relevant part: "The Commissioner of Children and Families may file a motion for an extension of the commitment as provided in subdivision (1) of subsection (a) beyond the eighteen-month period on the grounds that such extension is for the best interest of the child or the community. The court shall give notice to the parent or guardian and to the child at least fourteen days prior to the hearing upon such motion. The court may, after hearing and upon finding that such extension is in the best interest of the child or the community, continue the commitment for an additional period of not more than eighteen months. . . ." We must also consider the text of § 46b-120 (1),[4] which provides in relevant part that "for purposes of delinquency matters, 'child' means any person (A) under sixteen years of age, or (B) sixteen years of age or older who, prior to attaining sixteen years of age, has violated any federal or state law or municipal or local ordinance, other than an ordinance regulating behavior of a child in a family with service needs, and, subsequent to attaining sixteen years of age, violates any order of the Superior Court or any condition of probation ordered by the Superior Court with respect to such delinquency proceeding . . . ."

In light of the dictates of § 1-2z, we first determine whether the language of § 46b-141 (b), when considered in relation to other statutes, is plain and unambiguous. A statute is plain and unambiguous when "the meaning . . . is so strongly indicated or suggested by the [statutory] language as applied to the facts of the case . . .

---

[4] The definitions provided in General Statutes § 46b-120 apply to the terms as used in chapter 815t of the General Statutes, which includes General Statutes §§ 46b-120 through 46b-159.

that, when the language is read as so applied, it appears to be the meaning and appears to preclude any other likely meaning." (Internal quotation marks omitted.) *Kinsey* v. *Pacific Employers Ins. Co.*, supra, 277 Conn. 407–408.

The respondent argues that our focus should be solely on the use of the term "child" in § 46b-141. Our review of the text of the statute, however, reveals that this reading is inappropriate. Section 46b-141 (b) allows the commissioner to "file a motion for an extension of the *commitment* as provided in subdivision (1) of subsection (a) . . . ." (Emphasis added.) The operative statutory language giving the court the authority to hear such a motion, therefore, explicitly relates only to the *commitment* itself and not to the "commitment *of a child.*" The relevant question, therefore, is whether under § 46b-141 (b) the initial *commitment* pursuant to § 46b-141 (a) should be extended. Accordingly, we must look to the statutory language authorizing the initial commitment contained in § 46b-141 (a), which provides in relevant part for the "commitment of *children convicted as delinquent* by the Superior Court to the [d]epartment . . . for (1) an indeterminate time up to a maximum of eighteen months . . . ." (Emphasis added.) The plain and unambiguous meaning of this statutory language clearly requires that the *commitment* be of a person who was a child at the time he or she was initially convicted as a delinquent.[5]

Our review reveals no additional relevant statutory language supporting a conclusion that the motion for

[5] Because we determine that the meaning of the statute is plain and unambiguous on its face and does not result in an absurd or unworkable result, we need not look to extratextual sources in conducting our analysis. See *Kinsey* v. *Pacific Employers Ins. Co.*, supra, 277 Conn. 405. Accordingly, we do not reach the petitioner's arguments related to the legislative intent of General Statutes § 46b-141 (b) or the absurd result that may arise if we were to construe the statute in the manner suggested by the respondent.

extension must relate to a person who is a child at the time the commissioner files the motion for extension. Consequently, we read § 46b-141 (a) and (b) together to mean that the motion for extension of the commitment must relate to a person who was a child at the time he or she first was adjudicated as a delinquent. Two levels of analysis, therefore, are involved. First, the court must determine that it has subject matter jurisdiction to entertain a motion by the commissioner to extend the commitment. If that jurisdiction exists, the court must determine whether it is in the best interest of the child or the community to extend the commitment. If the court makes that determination in the affirmative, it may extend the commitment within the statutory limits.

Here, it is undisputed that the respondent was fifteen years old at the time he was adjudicated as a delinquent and committed to the custody of the commissioner. It is therefore clear that the commitment of the respondent was proper under the dictates of § 46b-141 (a) (1). Accordingly, we conclude that the court had jurisdiction to entertain the motion for an extension of the respondent's commitment pursuant to § 46b-141 (b). The court further found that it was in the respondent's best interest and the best interest of the community that the respondent's commitment be extended for an indeterminate period not to exceed May 14, 2006. The respondent does not challenge this finding on appeal and, therefore, we need not afford it review.

The judgment is affirmed.

In this opinion the other judges concurred.