MEMORANDUM OF DECISION ON MOTION TO DISMISS
JANE W. FREEMAN, Judge.
I. BACKGROUND
On August 31, 2008, the Defendant, Mohegan Tribe Election Committee, held an election for four (4) seats on the Council of Elders (“COE”). There were eight (8) candidates whose names appeared on the election ballot for these four (4) seats. The Plaintiff, Kenneth Davison, voted in *351 this election hut he only voted for three (3) candidates on the ballot.
On September 3, 2008, the Plaintiff requested that the Election Committee recount the election votes because he believed that his ballot had been deemed a “spoiled ballot” and had not been counted.[1] The Defendant’s certification of the election results indicated that there were six (6) “spoiled ballots.” The Election Code provides that a ballot is “spoiled”, inter alia, if “[t]he ballot contains more votes than positions available, or contains less votes than positions available in violation of Section l-205(a) of this Article.” MTC § l-206(e)(2). On September 9, 2008, the Defendant informed the Plaintiff that his ballot had, in fact, not been counted, and was deemed “spoiled” because the Plaintiff only voted for had three (3) candidates and not four (4) candidates as required by Section 1-206 of the Election Code. Further, the Election Committee also informed the Plaintiff that it lacked authority to rule on the constitutionality of Sections 1-205 and 1-206 of the Election Code as he had requested. Finally, the Election Committee informed the Plaintiff that he had a right to appeal its decision to the Tribal Court within seven (7) days.
On September 15, 2008, the Plaintiff filed a complaint in this Court. Initially, he did not seek any preliminary relief. Thereafter, on October 1, 2008, he filed a “Request For Injunction” requesting that the newly elected members of the COE not be sworn into office on October 6, 2008. The Court issued an Order to Show Cause, requiring the Election Committee to appear and show cause why the requested injunction should not be granted.
The Defendant then moved to dismiss this action, claiming that: (1) the issue presented was moot, since even if the Plaintiffs ballot had been counted in the COE’s election, the election result would not have changed; (2) the Court lacked jurisdiction since the Defendant had acted within its mandate, so that there were no grounds for overturning its decision; and (3) sovereign immunity barred the Plaintiffs claim for costs and fees. At a hearing held by the Court on October 3, 2008, the jurisdictional issues raised by the Defendant were addressed first. After the Plaintiffs testimony and oral argument by the parties, the Court denied the Motion to Dismiss; reserved decision on the Defendant’s sovereign immunity claim; and indicated that its Memorandum of Decision would follow. The Plaintiff orally withdrew his “Request For Injunction” immediately after the Court’s ruling denying the Motion to Dismiss.
II. DISCUSSION
The Plaintiff claims that the Defendant’s failure to count his ballot in the COE’s election denied him the right to vote; that his ballot was valid and should have been included in the final vote count; and that Sections 1-205 and 1-206 of the Election Code, requiring that he cast a vote for each elective position available, violate Article VII, Section 2 of the Mohegan Constitution. Article VII, Section 2 of the Mohegan Constitution provides as follows:
Section 2. [One Member, One Vote.] In each tribal election, every registered voting member shall be entitled to cast one vote for each elective position available.
Mohegan Const., Art. VII, § 2. The Plaintiff asserts that even though there were four (4) elective positions available, he should not have been required to vote for four (4), because there were only three (3) *352 candidates he wanted to vote for; he further contends that the Mohegan Constitution does not require tribal members to vote for candidates they do not choose to vote for. The Plaintiff has requested the Court, inter alia,[2] to rule on the “legality of Sections 1-205 and 1-206 and any other relevant sections of the Mohegan Election Code upon the court’s interpretation of Article VII, Section 2 of the Mohegan Constitution.”
The Defendant argues that this “appeal” should be dismissed as moot because the outcome of the COE’s election would not have changed even if the Plaintiffs ballot had been counted. In addition, the Defendant contends that the Court lacks jurisdiction to adjudicate the Plaintiffs challenge to the Election Code, because this action is an administrative appeal in which the Court is limited to determining whether the Election Committee’s decision to deny the Plaintiffs re-count petition was arbitrary and capricious.
A. MOOTNESS
Mootness deprives a court of subject matter jurisdiction, United States v. Suleiman, 208 F.3d 32, 36 (2d Cir.2000), and therefore it must be examined as a threshhold issue. The Defendant contends that the only issue in this “appeal” is whether or not the Plaintiffs ballot should have been counted and that this issue is moot because it is mathematically impossible for the Plaintiffs ballot, even if counted, to make any difference in the outcome of the election.[3] The Defendant claims that this issue is moot so that there is no case or controversy for the Court to adjudicate.
The mootness doctrine, like standing, stems from Article Ill’s “case or controversy” requirement. “[A] case becomes moot “when the issues presented are no longer ‘live’ or the parties lack a legally cognizable interest in the outcome.” ’ ” (citations omitted). While standing focuses on the status of the parties when an action is commenced, the mootness doctrine requires that the plaintiffs’ claims remain alive throughout the course of the proceedings. 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3533, at 211 (2d ed.1984). The case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.
Etuk v. Slattery, 936 F.2d 1433, 1441 (2d Cir.1991). This Court, like the federal courts, is also limited to the adjudication of cases and controversies. Mohegan Const., Art. X, § 1[4] and Ait. X, § 2(a)[5].
The Court disagrees with the Defendant’s claim that the only issue presented is whether the Plaintiffs ballot should have been counted. It appears from a fair *353 reading of the eomplaint and claims for relief, that the Plaintiff has raised a separate constitutional issue, that is, whether the provisions in Sections 1-205 and 1-206 of the Election Code violate Article VII, Section 2 of the Mohegan Constitution, by requiring each tribal member voting in a tribal election to cast one vote for each elective position available on the ballot.
At the hearing held on the Motion to Dismiss, the Defendant argued that the Plaintiff failed to clearly articulate a request for a declaratory judgment concerning the constitutionality of Sections 1-205 and 1-206 of the Election Code. The Defendant contends that this action is an administrative appeal pursuant to Section 1-217 of the Election Code[6] in which the Plaintiff seeks a ruling that the Election Committee’s decision to deny his re-count petition was arbitrary and capricious. However, both federal and state courts have been solicitous of the rights of pro se litigants and have liberally construed their pleadings. Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir.2008) (stating that a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers); Lerman v. Board of Elections, 232 F.3d 135, 139-40 (2d Cir.2000) (stating that since pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally); Connecticut Light & Power Company v. Kluczinsky, 171 Conn. 516, 519, 370 A.2d 1306 (1976). In passing on a motion to dismiss, the allegations of the complaint should be construed favorably to the pleader. Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995).
Construing the complaint favorably to the pleader, the Court finds that the Plaintiff has asserted both a facial challenge and an as-applied challenge to the constitutionality of Sections 1-205 and 1-206 of the Election Code. In paragraph VI. 1) of his claims for relief, the Plaintiff has asserted an as-applied constitutional challenge by claiming: “I request a ruling on the validity of my ballot for the election on August 31, 2008 in accordance with Article VII, Section 2 of the Mohegan Constitution .In paragraph VI. 2) of his claims for relief, the Plaintiff has asserted a facial constitutional challenge by claiming: “I request a ruling on the legality of Sections 1-205 and 1-206 and any other relevant sections of the Mohegan Election Code upon the court’s interpretation of Article VII, Section 2 of the Mohegan Constitution. ...”
The Defendant argues that the Plaintiffs as-applied constitutional challenge is moot because even if the Plaintiff prevails, the outcome of the election would not change. However, the as-applied constitutional challenge falls within the “capable of repetition but evading review” exception to the mootness rule. The Second Circuit has recognized two pre-conditions for invoking this doctrine—the challenged action is too short to be fully litigated prior to its expiration, and there is a reasonable expectation that the same complaining parties would be subject to that same action in the future. Lerman v. Board of Elections, supra, 232 F.3d at 141.[7] The speed with *354 which elections occur makes it extremely difficult to fully litigate constitutional defects before the conclusion of the election process. Montano v. Lefkowitz, 575 F.2d 378, 382 (2d Cir.1978) (speed with which Congressional special elections must occur makes the problem of constitutional defects in the nomination procedures peculiarly one ‘capable of repetition yet evading review’)- The counting of ballots and certifying election results in a tribal election is also a speedy process, making it extremely difficult to fully litigate constitutional defects before the final certification of election results. Thus, the first requirement of the mootness exception is met in this case. Additionally, the Plaintiff testified that in future elections, he will not vote for a candidate on the ballot if he does not want that candidate to be elected to office. Therefore, the same complaining party is likely to be subject to the same challenged action (having his ballot not counted) because of his failure to cast one vote for each elective position on the ballot. The Defendant conceded at the hearing, and the Court finds, that the issue raised by the Plaintiff in his as-applied challenge is one of public importance. “The right of suffrage is a fundamental matter in a free and democratic society ... any alleged infringement of the right of citizens to vote must be carefully and meticulously scrutinized.” Coleman v. Board of Education, 990 F.Supp. 221, 226 (S.D.N.Y.1997). Although the election vote has been certified, the Plaintiffs as-applied constitutional challenge falls within the “capable of repetition but evading review” exception to the mootness rule.
The Plaintiffs facial constitutional challenge also falls within the same exception to the mootness rule. The “capable of repetition but evading review” doctrine, in the context of election cases, is appropriately applied when there are both as-applied challenges and facial challenges. Federal Election Comm’n v. Wisconsin Right to Life, Inc., 551 U.S. 449, 127 S.Ct. 2652, 2663, 168 L.Ed.2d 329 (2007). There is no indication that the Defendant intends to amend or change the challenged provisions of the Election Code. Therefore, although the election results have been certified, the Plaintiffs facial constitutional challenge also falls within the “capable of repetition but evading review” exception to the mootness rule.
B. CHALLENGE TO ELECTION ORDINANCE
The Defendant has also moved to dismiss the complaint claiming that the Plaintiffs challenge to the provisions of the Election Code is outside the jurisdiction of this Court. It contends that because the Election Committee acted within its mandate, there is no basis for overturning its’ decision. Specifically, the Defendant argues that this action is an “administrative appeal” pursuant to Section 1-217(c) of the Election Code and that in such an “appeal” the Court is limited to determining whether the decision of the Election Committee is arbitrary and capricious (see infra, p. 355). The Defendant relies on Scheyd v. Bezrucik, 205 Conn. 495, 535 A.2d 793 (1987), in which the Connecticut Supreme Court directed the dismissal of an action challenging the constitutionality of Connecticut’s minority representation statute. The Court held that it lacked jurisdiction to adjudicate the constitutionality of the minority representation statute in an appeal filed pursuant to Conn. Gen.Stat. § 9-328, the statute pro *355 viding for judicial review of election disputes. The instant case is distinguishable from Scheyd v. Bezrucik because there is nothing in the Plaintiffs complaint indicating that it is an administrative appeal from the Election Committee’s denial of Plaintiffs re-count petition. Rather, the Plaintiffs complaint is more properly construed as a constitutional challenge to Sections 1-205 and 1-206 of the Election Code (see infra, pp. 5-6). Therefore the Court is not limited to granting the type of relief which can be awarded in an administrative appeal nor is it limited to a review of the agency record. The Court has jurisdiction of the Plaintiffs request for a declaratory judgment to determine the constitutionality of Sections 1-205 and 1-206 of the Election Code.
III. CONCLUSION
The Court has reserved decision on whether sovereign immunity bars the Plaintiffs claim for costs and fees. For the reasons set forth herein, the Defendant’s Motion to Dismiss is denied.

. The Election Code, MTC § 1-201 et seq. ("Election Code”) provides in Section 1-206(e).that "fn]o spoiled ballot shall be counted.”

. Plaintiff has also requested that the Court to rule on the validity of his ballot; that his vote be added to the final vote count before the swearing in of the newly elected COE members; and that he be awarded court and legal costs.

. Defendant's Ex. A, the certified election results, establishes that the counting of Plaintiff's ballot would not have changed the outcome of the COE's election.

. "All judicial review powers of the Mohegan Tribe not exercised by the Gaming Disputes Court shall be vested in the Council of Elders, and in such subordinate commissions and/or courts as the Tribal Council may from time to time ordain and establish ..." Mohegan Const., Art. X, § 1.

.The Council of Elders' judicial review powers shall include the power "to rule over cases and controversies arising under this Constitution and arising under all laws of the Mohegan Tribe but not to issue advisory opinions or decisions in cases which are moot." Mohegan Const., Art. X, § 2(a).

. “An aggrieved party shall have the right to appeal a decision of the Election Committee to The Tribal Court within seven (7) working days following the Election Committee’s decision. A decision of the Election Committee shall not be overturned unless The Tribal Court finds that the decision of the Election Committee is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with Tribal law.” MTC § 1-217(c).

. Connecticut courts also recognize the same exception to the mootness rule, but in addition to the two preconditions required by the *354 Second Circuit, they have added a third precondition, namely that the question must have some public importance. Carmona v, Commissioner of Correction, 110 Conn.App. 194, 198, 954 A.2d 265 (2008); In re Fabian A., 106 Conn.App. 151, 155, 941 A.2d 411 (2008);